UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ABC DAYCARE & LEARNING CENTER, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 20-243-DCR |
| V. | ) ) | |
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff ABC Daycare & Learning Center ("ABC") has filed objections to Defendant West Bend Mutual Insurance Company's ("West Bend") removal of this action from Madison Circuit Court. [Record No. 11] The Court construed the objection as a motion to remand and the parties have briefed the issue. Having considered the issues presented, the matter will be remanded to Madison Circuit Court.

**I.**

ABC is incorporated under the laws of Kentucky. It operates child daycare centers in Madison County, Kentucky. [Record No. 1-1, p. 1] West Bend is incorporated under the laws of Wisconsin and maintains its principal place of business in that state. [Record No. 6, p. 1] West Bend provides insurance coverage to ABC. [Record No. 1-1, p. 2]

ABC filed this action against West Bend in the Madison Circuit Court on May 8, 2020. [*See id.* at p. 19.] The initial Complaint contains four substantive charges: "declaration of rights" (i.e., a request for a declaratory judgment claim) (Count I); alleged violations of the

Kentucky Insurance Code and Kentucky Unfair Claims Settlement Practices Act (Count II); a claim of "bad faith – denial of coverage" (i.e., an indemnification claim) (Count III); and an alleged breach of an insurance contract (Count IV).[1] [*Id.* at pp. 7-11] These counts relate to the asserted failure of West Bend to pay ABC's business interruption insurance claim after the March 18, 2020 Kentucky Order to Close Licensed Child Care Centers forced ABC to close due to the COVID-19 outbreak. [*Id.* at pp. 3-11]

After serving West Bend, but before the defendant filed a responsive pleading, ABC filed an Amended Complaint on May 29, 2020. [Record No. 7-2, p. 1] This pleading adds a second defendant to this action: Eric C. Friedlander, in his official capacity as Acting Secretary for Kentucky's Cabinet for Health and Family Services. [*Id.*] The Amended Complaint states:

> Friedlander at all times pertinent hereto was Acting Secretary of the Cabinet for Health & Family Services of the Commonwealth of Kentucky. Friedlander is sued in his official capacity as a government official signing an Order to Close Licensed Child Care Centers by 2 p.m. March 18, 2020, a true copy of which is attached hereto and made a part hereof as Exhibit A ("Day Care Closure Order"), which by reasons including the confirmed cases of the Coronavirus Disease 2019 (COVID-19) in Madison County, Kentucky being of which ABC Daycare's premises are a part of, and the Coronavirus Disease 2019 (COVID-19) Pandemic in Madison County, Kentucky being of which ABC Daycare's premises are a part of, ordered child care centers to close by 2 p.m. March 18, 2020. Friedlander is a party hereto in his official capacity because the legal effect and the legal interpretation of Friedlander's Day Care Closure Order is sought in this action. West Bend denied coverage under the West Bend Policy stating, "a closure must be ordered by a local, state, or federal board of health or similar governmental board . . ." Exhibit B (West Bend Denial Letter"). It is ABC Daycare's contention Friedlander ordered a shut down and suspension of operations pursuant to the West Bend Policy. Friedlander has a vested interest in the interpretation and enforcement of his order such that he is a necessary party to this action in his official capacity.

---

[1] The pleading also includes a claim for punitive damages (Count V). [Record No. 1-1, pp. 11-12]

[*Id.* at pp. 2-3] Further, it amends Count I to name Friedlander as a party to the declaratory judgment claim, seeking an order finding that "Friedlander's Day Care Closure Order is a valid and enforceable order requiring shut down and suspension of ABC Daycare's operations." [*Id.* at pp. 8-9] The Amended Complaint alleges damages in excess of $100,000.00 and states that its business interruption insurance claim is worth exactly $100,000.00. [*Id.* at pp. 4, 9, 13]

A letter from West Bend to ABC denying the business interruption claim is attached as an exhibit to the Amended Complaint. [*Id.* at pp. 16-19] The letter cites specific insurance policy language concerning claims relating to communicable disease-related forced shutdowns and asserts that these claims must satisfy "two essential elements": (1) "there must be a shutdown or suspension of business ordered by a local, state, or federal board of health or similar governmental board that has jurisdiction over your operations;" and (2) "the shutdown or suspension must be due to an outbreak of a communicable disease *at the insured premises* . . . ." [*Id.* at p. 19 (emphasis in original).] The letter emphasizes that ABC failed to meet this second element but also states that "one or both elements required for coverage to be afforded have not been triggered." [*Id.*]

The plaintiff's attorney certified that the Amended Complaint was served on West Bend through electronic means and United States Mail on May 29, 2020. [Record No. 7-2, p. 14] ABC has also submitted a scanned copy of a certified mail return receipt card with a stamp that indicates Friedlander was served on June 3, 2020. [Record No. 11-1, p. 1] The second page of the document that includes the receipt was prepared by the Madison Circuit Court Clerk on June 4, 2020, and contains another scanned portion of the certified mail receipt stamped June 4, 2020. [*Id.* at p. 2] West Bend has submitted a copy of the Madison Circuit Court case's docket sheet that states that Friedlander was served on June 3, 2020. [Record No.

14-1, p. 1 ("CIVIL SUMMONS issued on 05/29/2020 served on 06/03/2020 by way of CERTIFIED MAIL")]

West Bend filed a Notice of Removal in Madison Circuit Court on June 4, 2020. [*Id.*] After the case was transferred to this Court (without the Amended Complaint), the Court entered a Show Cause Order on June 5, 2020, directing West Bend to demonstrate why the case should not be remanded for a failure to adequately allege diversity of citizenship jurisdiction. [Record No. 5]

The defendant filed a response, which adequately alleged diversity jurisdiction for the controversy between ABC and West Bend, and submitted an Amended Notice of Removal on June 11, 2020. [Record Nos. 6 and 7] However, the response documented the joinder of Friedlander in the Amended Complaint and a copy of the amended pleading was attached to the Amended Notice of Removal. [Record Nos. 6 and 7-2] West Bend contends in the response to the Show Cause Order as well as in the Amended Notice of Removal that jurisdiction and removal are proper because the Amended Complaint had not been served prior to the filing of the Notice of Removal in Madison Circuit Court and that Friedlander is a "nominal party" who cannot destroy diversity jurisdiction. [Record Nos. 6 and 7]

ABC filed objections to removal, construed as a motion to remand, on June 15, 2020. [Record No. 11] West bend responded to the motion on June 24, 2020. [Record No. 14] The matter is now ripe for disposition.

## II.

### A.

"Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds

$75,000.00, exclusive of interest and costs." *In re Darvocet, Darvon, and Propoxyphene Prods. Liability Litig.*, 889 F. Supp. 2d 931, 936 (E.D. Ky. 2012) (citing 28 U.S.C. § 1332(a)). This "diversity of citizenship" jurisdiction "attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989) (citing 28 U.S.C. § 1332(a), (c)).

With some exceptions, 28 U.S.C. § 1441 "authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) (citing 28 U.S.C. § 1441(a)). "A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). "The question of jurisdiction is determined at the time of removal . . . ." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 468 (6th Cir. 2019) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007)) (internal quotation marks omitted). "[B]ecause Federal Courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court." *Commonwealth of Ky. ex rel. Brown v. Pocket Kings, Ltd.*, No. 14–27–GFVT, 2015 WL 1480311, at *2 (E.D. Ky. March 31, 2015) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990)).

Several facts relevant to the pending motion are well-established. West Bend maintains that this Court has diversity subject matter jurisdiction. [Record No. 7] ABC's allegation that West Bend failed to pay its $100,000.00 insurance claim satisfies § 1332's amount in

controversy establishment. Additionally, the citizenship of all parties is clear: ABC is a citizen of Kentucky, West Bend is a citizen of Wisconsin,[2] and Friedlander, in his official capacity, is a citizen of Kentucky. The Amended Complaint includes a certificate of service indicating that West Bend was served on May 29, 2020 by United States Mail and electronic means. Such a certificate is sufficient proof of service of a subsequent pleading served on a party to a lawsuit. *See* Ky. R. Civ. P. 5.01 and 5.03.

A central issue is whether Friedlander was properly joined to the suit at the time West Bend filed the notice of removal in Madison Circuit Court on June 4, 2020. ABC contends, *inter alia*, that he was served with the Amended Complaint on June 3, 2020, and that his presence as a defendant destroyed complete diversity and made the case unremovable. [Record No. 11, p. 4] ABC cites the Madison Circuit Court record with the certified mail receipt card stamped June 3, 2020, as evidence that Friedlander was a party to the case on June 4, 2020. [*Id.* at p. 2] But West Bend asserts that he was not served and joined to the action until June 15, and indicates that the Madison Circuit Court record documenting service is

---

[2] ABC offers a brief argument that West Bend has assumed the citizenship of the insured (ABC) under § 1332(c)(1). [Record No. 11, p. 4 n. 4] However, the Court agrees with West Bend that this provision is irrelevant because the subsection only applies to "direct actions" by plaintiffs against insurers of individuals who allegedly harmed the plaintiffs. [Record No. 14, pp. 5-6] The court in *Daugherty v. Chubb Group of Ins. Cos.*, aptly described § 1331(c)'s application:

> As used in § 1332(c)(1), "direct action" is a term of art. As described above, the typical direct action is one in which an injured party sues the insurer of a tortfeasor without joining the tortfeasor to the case. It is known as a "direct action" because the plaintiff, who is not the insured, directly sues the party who will ultimately pay, the insurer, without joining the insured as a party-defendant. Section 1332(c)(1) is clear that before the insurer can be cloaked in the citizenship of the insured, the plaintiff must bring a direct action against the insurer.

823 F. Supp. 2d 656, 659.

unclear regarding the date of service because its second page indicates that service was mailed on June 4, 2020. [Record No. 14, pp. 1, 2 n. 1]

The Court concludes that West Bend has failed to carry its burden regarding this issue. The certified mail return receipt card on the first page of the Madison Circuit Court record is stamped June 3, 2020, in the section marked "complete this section on delivery." [Record No. 11-1, p. 1] This is persuasive evidence of service on June 3 despite the June 4 dates on the second page of the document under the Kentucky Rules of Civil Procedure. *See* Ky. R. Civ. P. 4.01(1)(A) ("The return receipt [for process served by certified mail] shall be proof of time, place and manner of service."). Further, West Bend itself has offered the case's state court docket sheet that explicitly documents that a civil summons was issued to Friedlander on May 29, 2020, and served by certified mail on June 3, 2020. Further, West Bend has provided no evidence in support of its argument that service of the Amended Complaint was not effected until June 15, 2020. Therefore, the Court finds that the defendant has not carried its burden on this point and will proceed with the understanding that Friedlander was a party to the suit when West Bend filed the Notice of Removal on June 4, 2020.

**B.**

Friedlander's presence as a Kentucky defendant at the time West Bend filed the Notice of Removal would ordinarily destroy diversity jurisdiction, and his failure to consent to removal would also support remand under usual circumstances. *See* 28 U.S.C. § 1446(b)(2)(A). However, West Bend argues that even if Friedlander was a party to the suit when it removed the case to this Court, complete diversity exists because he is a "nominal party whose presence may be disregarded for purposes of determining diversity jurisdiction." [Record No. 14, pp. 2-5] West Bend states that this litigation solely concerns its alleged failure

to pay the business interruption insurance claim and contends that the interpretation of Friedlander's order is only at issue to the extent it relates to the enforcement of the insurance contract. [*Id.* at p. 2] ABC contends that Friedlander is an indispensable party because "[a]s set forth in the First Amended Complaint, Friedlander's authority to order all daycares in the Commonwealth of Kentucky to close will be challenged by West Bend, and the overall scope and interpretation of Friedlander's order is central to the case." [Record No. 11, p. 7]

"[W]hen the court determines whether the parties are completely diverse, it need only consider the 'real part[ies] to the controversy.'" *Auxier v. Liberty Mutual Ins. Co.*, No. 14-145-ART-HAI, 2014 WL 12649857, at *2 (E.D. Ky. Dec. 18, 2014) (*quoting Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994)). And the Court must disregard nominal parties to the litigation, *i.e.,* those who have "no interest in the outcome of the litigation." *Id.* (citing *Roche*, 546 U.S. at 892-93; *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980); *Wood v. Davis*, 59 U.S. (18 How.) 467, 469 (1855)); *see also Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906, 914 (6th Cir. 2018) (noting that this is an exception to § 1446(b)(2)(A)'s "rule of unanimity."). Additionally, "such a party may be dropped from the case." *Bedell v. H.R.C. Ltd.*, 522 F. Supp. 732, 736 (E.D. Ky. 1981).

As pleaded, it appears that Friedlander is a real party to the controversy in this case. The plaintiff sets out a claim for relief involving Friedlander because it seeks a declaratory judgment that Friedlander's closure order is an enforceable order that required ABC to cease operations. It is true, as West Bend argues, that Friedlander's order is somewhat tangential to the underlying dispute in that the plaintiff does not directly challenge the order and seeks declaratory relief on this issue to demonstrate that the defendant inappropriately failed to pay

- 8 -

the business interruption claim. However, the insurance policy language in the letter attached to the Amended Complaint indicates that the plaintiff likely cannot maintain a successful communicable disease-related business interruption claim under these circumstances unless a valid government order caused ABC to close or suspend operations. Thus, ABC's lawsuit that seeks to enforce West Bend's obligations under this policy necessarily involves the validity and effect of Friedlander's order. Friedlander, in his official capacity, clearly has an interest in the litigation because a court will have to consider these issues.

While West Bend's letter focuses on the second element of this type of insurance claim under the policy (the requirement that a shutdown or suspension must be due to an outbreak of a communicable disease at ABC), it does not concede that the first element has been met. Similarly, West Bend does not argue that it will not challenge the order or its effect on ABC's operations – it only states "Plaintiff seeks the court's interpretation of the Order in relation to the language of the insurance policy, merely as a condition precedent for coverage." [Record No. 14, p. 5] Bearing in mind West Bend's burden and the requirement that remand is favored in close disputes regarding subject matter jurisdiction, the Court concludes that the defendant has not persuasively argued that Friedlander is a nominal party.

## III.

Because the Court finds that Friedlander was served prior to this action's removal and is a real party to the controversy, his presence destroys diversity jurisdiction. Additionally, he did not consent to removal as required by § 1446(b)(2)(A). Therefore, remand to Madison Circuit Court is appropriate. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff ABC Daycare & Learning Center's objections to Defendant West Bend Mutual Insurance Company's removal of this action, construed as a motion to remand [Record No. 11], is **GRANTED**.

2. This action is **REMANDED** to Madison Circuit Court and **STRICKEN** from this Court's docket.

Dated:  June 29, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky